|  |  |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

UNITED STATES OF AMERICA § 
§ 
*versus* § CASE NO. 4:12-CR-216(1) 
§ 
MICHAEL JEROME EDWARDS § 

## MEMORANDUM AND ORDER

Pending before the court is Defendant Michael Jerome Edwards's ("Edwards") *pro se* Notice of Payoff and Settlement of Restitution (#135), wherein he advises the court that he has paid his restitution in full. Also pending is the Government's Motion to Strike Docket No. 135 (#136) in which the Government advises the court that Edwards stopped making payments toward the restitution owed in this case in 2016. The Government maintains that Edwards has not satisfied his obligation and requests that the court strike Edwards's filing. United States Probation and Pretrial Services's ("Probation") payment history report further indicates an outstanding balance. After considering the motion, the Government's response, Probation's report, and the applicable law, the court is of the opinion that Edwards's notice of restitution settlement should be struck from the record.

I. Background

On October 28, 2013, Edwards pleaded guilty to Count One of the Indictment, Conspiracy to Defraud the Government by False, Fictitious, or Fraudulent Claim in violation of 18 U.S.C. § 286. On April 22, 2014, Edwards was sentenced to 46 months' imprisonment, followed by 1 year of supervised release. The court imposed criminal monetary penalties which included a special assessment of $100.00 and restitution in the amount of $419,739.00. The court ordered Edwards to make restitution payments to the Internal Revenue Service. Further, the court

recommended that Edwards participate in the Inmate Financial Responsibility Program at a rate determined by Bureau of Prisons ("BOP") staff in accordance with the prescribed requirements. The Government objects to Edwards's motion and maintains that Edwards's restitution remains outstanding.

II.   Analysis

    A.   Restitution Order—Enforcement

Restitution operates as "a lien in favor of the United States." 18 U.S.C. § 3613(c); *United States v. Rand*, 924 F.3d 140, 143-44 (5th Cir. 2019). The lien extends to the defendant's non-exempt property and interests in property until the debt is settled or expires in accordance with 18 U.S.C. § 3613(b).

> Congress specifically clarified that criminal debtors retain their obligation throughout their prison term and must not only inform the court and attorney general of any material change affecting their ability to pay but also 'apply the value of [substantial] resources to any restitution or fine still owed,' even if the resources were acquired while in custody.

*Rand*, 924 F.3d at 143-44 (citing 18 U.S.C. § 3664(k), (n)). Furthermore, "fines, restitution, and other monetary penalties are due immediately." *Id*. (citing 18 U.S.C. § 3572(d)(1)). There is, however, an exception in circumstances where "in the interest of justice, the court provides for payment on a date certain or in installments." *Id*. "The attorney general has a statutory duty to enforce restitution orders and to do so 'aggressively.'" *Id*. (citing *United States v. Phillips*, 303 F.3d 548, 551 (5th Cir. 2002)).

A district court "may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require." 18 U.S.C. § 3664(k); *Rand*, 924 F.3d at 143-44. Under 18 U.S.C. § 3664(e):

> [A]ny dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence.  The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government.  The burden of demonstrating the financial resources of the defendant and the financial needs of the defendant's dependents, shall be on the defendant.  The burden of demonstrating such other matters as the court deems appropriate shall be upon the party designated by the court as justice requires.

18 U.S.C. § 3664(e); *United States v. Brewer*, 699 F. App'x 318, 319 (5th Cir. 2017).

Here, Edwards cites no authority, makes no coherent argument, and offers only a purported 2011 "Notice of Surety Act and Bond" containing bogus legal jargon and other language consistent with the Sovereign Citizen Movement to demonstrate that he has settled his obligation to pay restitution.[1]  Edward's notice is completely without foundation and patently false.  *Palmer v. Sessions*, 689 F. App'x 386, 387 (5th Cir. 2017) ("A complaint is "frivolous if it lacks any arguable basis in law or fact.").  As previously noted, the court assessed criminal monetary penalties which included a special assessment of $100.00 and restitution in the amount of $419,739.00 in the Judgment.[2]

According to Probation's payment history report, Edwards has made the following payments to the Clerk of the Court:

---

[1] "The sovereign citizen movement is a loose grouping of litigants, commentators, and tax protesters who often take the position that they are not subject to state or federal statutes and proceedings." *United States v. Weast*, 811 F.3d 743, 746 (5th Cir. 2016) (citing *United States v. Thody*, 637 F. App'x 790, 796 (5th Cir. 2016)).

[2] According to the Schedule of Payments section within the Judgment, restitution payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

| | |
|---|---|
| 09/08/2014 | $25.00 |
| 12/08/2014 | $25.00 |
| 03/09/2015 | $25.00 |
| 06/08/2015 | $25.00 |
| 06/09/2016 | $100.00 |
| 09/13/2016 | $100.00 |
| 10/24/2016 | $200.00 |
| 02/07/2017 | $400.00 |

Consequently, Edwards has paid only a total of $900.00, with the first $100.00 applied to the special assessment and the remaining $800.00 applied to the restitution principal. The Government confirms that Edwards's restitution remains outstanding to the extent of the present balance of $418,939.00 and that no interest accrues on this debt. The court previously entered an order (#122) acknowledging that it "intended to waive the assessment of interest on the court ordered restitution." 18 U.S.C. § 3612(f)(3)(a) ("If the court determines that the defendant does not have the ability to pay interest under this subsection, the court may waive the requirement for interest."). The court finds that Edwards has not established that he has satisfied his restitution requirement. Indeed, he appears to have attempted to defraud the Government yet again by submitting another false, fictitious, or fraudulent claim. Moreover, "the Department of Justice has the statutory authority to record liens and initiate other collection efforts to satisfy criminal restitution orders." *United States v. Eddings*, No. 209CR00074JAMACP, 2019 WL 3229618, at *2 (E.D. Cal. July 18, 2019); *see* 18 U.S.C. § 3613(c), (f); *see also* 18 U.S.C. § 3664(m)(1)(A). Therefore, the court will not consider Defendant's notice, and his obligation to pay the outstanding restitution balance remains in effect.

III.     Conclusion

Accordingly, it is ordered that the Government's Motion to Strike Docket No. 135 (#136) is GRANTED.  Edwards's Notice of Payoff and Settlement of Restitution (#135) is stricken from the record.

SIGNED at Beaumont, Texas, this 11th day of June, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE